**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS RIVERA-TORRES, | No. 08-72073 |
| Petitioner, | Agency No. A077-983-677 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Luis Rivera-Torres, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Rivera-Torres does not challenge the agency's dispositive finding that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

The record does not compel the conclusion that the childhood sexual molestation Rivera-Torres suffered or the harm he fears was or will be on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse the agency's finding, "we must find that the evidence not only *supports* that conclusion, but *compels* it") (emphasis in original); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). Accordingly, Rivera-Torres's withholding of removal claim fails.

Finally, we lack jurisdiction to review Rivera-Torres's contention that there is a pattern of violence against children in Mexico because he did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-72073